**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Raymond GILLIAM, Defendant—**
**Appellant.**

**No. 01–10514.**

**D.C. No. CR–00–00635–CRB.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 14, 2002.*

Decided Aug. 21, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

**642**

---

Before HALL, KOZINSKI, and McKEOWN, Circuit Judges.

MEMORANDUM **

Defendant-appellant Raymond Gilliam appeals from a conviction and 77–month sentence imposed by the district court following Gilliam's guilty plea to possession of cocaine with an intent to distribute in violation of 21 U.S.C. § 841(a). Gilliam initially appealed his sentence on the ground that the sentencing provisions of Section 841 are facially unconstitutional. Gilliam was also permitted to supplement

** This disposition is not appropriate for publication and may not be cited to or by the

his appeal by adding a claim that he did not knowingly and voluntarily waive his right to a jury determination on drug type and quantity during his guilty plea.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. As the parties are familiar with the facts and procedural history of the case, we will not detail them here except as necessary.

## A. Facial Challenge

Gilliam first argues that 21 U.S.C. §§ 841(b)(1), 841(b)(2) are facially unconstitutional because they commit the determination of drug type and quantity to the judge at sentencing on a preponderance of the evidence standard. Sections 841(b)(1) and (2) permit drug type and quantity to be submitted to the jury and proven beyond a reasonable doubt as required under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and are not facially unconstitutional. *United States v. Buckland*, 289 F.3d 558, 564–67 (2002) (en banc).

## B. Waiver of Jury Rights

Gilliam next contends that he did not knowingly and voluntarily waive his right to have a jury determine drug type and quantity because he was not told by the district court during his plea colloquy that he had such rights and was not otherwise informed of this fact at any time before his guilty plea. While Gilliam raised his facial challenge to the district court during sentencing, he did not challenge the adequacy of his Rule 11 plea colloquy or the knowing and voluntary nature of his plea.

A failure to inform a defendant of his rights to have drug type and quantity proven to the jury beyond a reasonable doubt when they expose him to a maxi-

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

mum penalty above that which would otherwise be available is reversible error. *United States v. Minore*, 292 F.3d 1109, 1117 (9th Cir.2002). However, where such an error is not raised below, we will not notice it unless the error 1) is plain, 2) affects substantial rights, and 3) seriously affects the fairness, integrity or public reputation of judicial proceedings. *Id.; see also United States v. Vonn*, —— U.S. ——, —————, 122 S.Ct. 1043, 1048–54, 152 L.Ed.2d 90 (2002) (applying the plain error standard to Rule 11 error where the error is not brought to the district court's attention). The inquiry into whether a Rule 11 error affects substantial rights includes the question whether the defendant understood the rights at issue. *Minore*, 292 F.3d at 1119. The defendant bears the burden of proving that he did not understand those rights, and the court looks to the entire record to ascertain his understanding. *Id.*

■ As to drug type, we find that the district court committed no error and that Gilliam's plea was knowing and voluntary. Gilliam was informed during his plea colloquy that an element of the crime for which he was charged was "that the defendant knowingly possessed cocaine base, and in this case crack cocaine." Gilliam was also informed during his Rule 11 colloquy that the government was prepared to prove at trial that he had possessed 39 rocks of crack cocaine, and he acknowledged that it would be able to do so. Moreover, Gilliam expressly affirmed in his plea agreement that an element of the offense was that "the defendant knowingly possessed cocaine base (crack cocaine)." Although we recognize that application of *Apprendi* was still somewhat unclear at the time of Gilliam's plea, he has failed to show that his plea was unknowing as to drug type in light of the fact that he was repeatedly advised that it was an element of the offense that would be proven to the jury.

■ As to drug quantity, we find that the district court did err in failing to inform Gilliam that possession of 5 or more grams of cocaine would have to be proven to a jury beyond a reasonable doubt before he could be subjected to the 40–year maximum statutory sentence in 21 U.S.C. § 841(b)(1)(B). The error was also plain, and it affected a substantial right in light of the fact that it is uncontested that Gilliam did not know of the right. *See Minore*, 292 F.3d at 1117–19. However, we will not notice the error because it did not seriously affect the fairness, integrity or public reputation of judicial proceedings. Gilliam's admission under oath during his plea colloquy and in his plea agreement that he did in fact possess 7.92 grams of crack cocaine constitutes "overwhelming" and "essentially uncontroverted" evidence of his guilt as to this issue. *See id.*, 292 F.3d at 1120 (internal quotation marks omitted); *see also United States v. Cotton*, —— U.S. ——, ——, 122 S.Ct. 1781, 1786, 152 L.Ed.2d 860 (2002). Moreover, it is not unfair to hold Gilliam to his plea because his sentencing range under the sentencing guidelines was well within the 20–year statutory maximum available for an offense involving any measurable quantity of crack cocaine, and the district court did not in fact sentence him to a term of imprisonment of more than 20 years. *Cf. Buckland*, 289 F.3d at 571 (error in sentencing above the statutory maximum allowed by the jury determination for any single count not substantial where convictions would be stacked to permit the sentence under the proper procedure); *United States v. Gill*, 280 F.3d 923, 930 (9th Cir.2002) (no *Apprendi* error where the district court misapprehended the statutory maximum but sentenced within the correct maximum). Gilliam's consideration

today as to the sentence he would face under the sentencing guidelines after trial to a jury would be identical—all else equal—to the risk he thought he faced before he knew that drug quantity could raise his statutory maximum.

AFFIRMED